■ In the Matter of CAROL BARBELLA, Respondent, v. NICHOLAS BARBELLA, Appellant.— Order, Family Court of the State of New York, New York County, entered June 23, 1971, which, among other things found respondent to be in violation of the prior order of support, fixed arrears at $560, directed respondent to post a bond of $200 to apply on arrears or to spend 30 days in jail and temporarily modified support to the amount of $18 per week is unanimously reversed, on the law, without costs and without disbursements, and the petition dismissed without prejudice. On the appeal counsel for the petitioner informed this court that "The Petitioner, Carol Barbella, has not taken part in any of the previous attempts of appeal and does not intend to pursue this matter." In view of the advice received from counsel, it is apparent that the issues raised herein have become moot. Concur — McGivern, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.

■ LANDIS MACHINE COMPANY, Respondent, v. HYDRONIC FABRICATIONS, INC., Appellant.— Judgment, Supreme Court, New York County, entered on December 22, 1971, granting summary judgment in the total amount of $3,442.83, unanimously modified, on the law, to the extent of directing a hearing on the issue of damages, and otherwise affirmed, without costs and without disbursements. Although liability is clear (see *Hicks v. Bush*, 10 N Y 2d 488, 491; *Fadex Foreign Trading Corp.* v. *Crown Steel Corp.*, 297 N. Y. 903, affg. 272 App. Div. 273), there is no warrant in the record for the awarding of the specific amount of damages, the written agreement is silent as to cancellation charges and the claimed amount or extent of the damages incident to the unwarranted cancellation having been challenged, a valid factual controversy exists with respect to the amount of damage that may properly be awarded. Under the circumstances, there must be an assessment of the amount or the extent of damages. (CPLR 3212, subd. [c].) Concur — Stevens, P. J., McGivern, Markewich, Murphy and Tilzer, JJ.